UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRILYN LEVITH, ET AL                    CIVIL ACTION

VERSUS                                    NO. 06-2785

STATE FARM FIRE AND CASUALTY              SECTION "R"(1)
COMPANY, ET AL

### ORDER AND REASONS

Plaintiff moves to remand this matter, which was transferred to this section because plaintiffs claim damages pursuant to Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695. For the following reasons, the Court DENIES the plaintiff's motion.

### I.  BACKGROUND

Hurricane Katrina devastated much of southern Louisiana in August of 2005. Plaintiffs in this case are Louisiana property owners who suffered substantial damage to their property during this storm and who have sued their homeowner's insurance carrier. Defendant is an insurance company that lacks citizenship or a principal place of business in Louisiana. The parties are thus

diverse.  Plaintiffs filed their action in Louisiana state court, and defendant removed it to this Court.  Plaintiffs now seek to remand this matter to state court.  Defendant opposes the motion and asserts that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The parties disagree as to whether the amount in controversy is satisfied under the requirements of section 1332.  *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).  Defendant also asserts that federal jurisdiction is proper under 28 U.S.C. §§ 1369(a) and 1441(e)(1)(b), otherwise known as the Multiparty, Multiforum Trial and Jurisdiction Act of 2002.  Because the Court finds that the amount in controversy is met here, the Court does not need to determine whether jurisdiction is also found under the MMTJA.

## II.   LEGAL STANDARDS

### A.   Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the

recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### B.   Amount in Controversy

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

Here, however, plaintiffs filed their complaints in Louisiana state courts, and Louisiana law does not permit them to

plead a specific amount of money damages.  When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied.  *Allen*, 63 F.3d at 1335.  The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.  *See De Aguilar*, 47 F.3d at 1412.  Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal.  *Allen*, 63 F.3d at 1336.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000.  *See De Aguilar*, 47 F.3d at 1411-12.  In *De*

*Aguilar*, the Fifth Circuit stated that absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints;* once a defendant has removed the case, *St. Paul* makes later filings irrelevant."  47 F. 3d at 1412 (*quoting In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)) (emphasis added).  "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations." *Id*. at 1412 n.10.  Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him.  La. Code Civ. Proc. art. 862; *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 *3 (E.D. La. 2003).  For example, in *Engstrom v. L-3 Communications Gov't Svcs., Inc.*, 2004 WL 2984329 (E.D. La. 2004), the plaintiff's state court complaint stated that "[each plaintiff] affirmatively and knowingly waives entitlement to any damages . . . , including penalties and statutory attorney's fees, but exclusive of interests and costs, in excess of $74,999."  The court found that this waiver constituted a binding stipulation, or "judicial confession" under Louisiana law, and it held that this stipulation was sufficient to establish that plaintiffs

5

could not recover more than the jurisdictional amount as a matter of law. *Id*. at *5. The plaintiffs here did not file a similar stipulation with their complaint.

Post-removal affidavits or stipulations may be considered only in limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) ([w]hen the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper). When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction. *Gebbia*, 233 F.3d at 883. Finally, the Court notes that Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim. Under these circumstances, the Court is to consider claims for these items when it assesses the amount in controversy. *See, e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002).

**III. ANALYSIS**

Plaintiffs Terrilyn and Neil Levith sued their insurer for breach of contract after it paid only $76,705.87 under a homeowner's policy that allegedly provided total coverage of $147,044. Plaintiffs allege that they are entitled to the full value of their house, and thus seek the remaining $70,238.13 in this lawsuit. Moreover, plaintiffs seek attorney's fees and penalties under La. Rev. Stat. §§ 22:1220 and 22:658. Under section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. La. Rev. Stat. § 22:1220; *see Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th cir. 1995) (holding that a plaintiff must show damages arising from the breach to recover any more than $5,000). Under section 22:658, the insurer is subject to a penalty, "*in addition to the amount of the loss*" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss. La. Rev. Stat. § 22:658 (emphasis added). Here, penalties under section 22:658 alone could increase the amount awarded to plaintiffs by $17,500,

bringing the total amount in controversy to almost $88,000 without considering whether plaintiffs might be able to show damages under section 22:1220.

Further, plaintiff never filed a pre-removal stipulation renouncing the right to enforce a judgment in an amount greater than $75,000. Plaintiffs' post-removal affidavit, in which Neil Levith merely states that "the amount in dispute is less than $75,000," contains the same flaw and, in any event, it does not clarify an initially ambiguous amount in controversy and thus is insufficient to deprive the Court of jurisdiction once it has been properly established. *See, e.g., Gebbia*, 233 F.3d at 883; *Associacion Nacional*, 988 F.2d at 565. The Court finds that it has jurisdiction of this matter, and it denies plaintiffs' motion to remand.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion to remand.

New Orleans, Louisiana, this  11th  day of October, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT